UNITED STATES DISTRICT COURT
Southern District of Florida (West Palm Beach)

| | |
|---|---|
| ESTATE OF BRIEUX DASH et al., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | ) ) ) ) ) ) Case No. 9:22-cv-80015-DMM ) ) ) ) ) ) |

### PLAINTIFF N.D.'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Plaintiff N.D. ("Plaintiff" or "N.D.")[1], by and through his undersigned counsel, hereby files the instant Opposition to Defendant's June 3, 2022 Motion. ECF No. 37. Defendant's Motion to Compel mischaracterizes the applicability of German law when taking depositions or conducting independent medical examinations ("IME"). Further, compelling N.D. and his mother, Waraporn Chomchuen ("Chomchuen") (N.D.'s legal guardian), to conduct the deposition and IME[2] in the United States on the date that Defendant has noticed (June 20, 2022) would constitute an undue and unreasonable burden and expense. Thus, Plaintiff respectfully requests that the Court deny Defendant's Motion.

### I.  Background

On March 29, 2022, Plaintiff's counsel verbally informed Defendant's counsel that N.D. and Chomchuen lived in Germany in the context of discussing conducting an IME. *See* Ex. 9 (Owen Aff.) ¶¶ 4-5. On April 18, 2022, Plaintiff's counsel, via email, reminded Defendant's counsel that N.D. and Chomchuen were located overseas. *See* Ex. 1; Ex. 9, ¶ 6. Between May 23, 2022, and May 31, 2022, the parties engaged in two telephone conversations and one email exchange regarding this issue; however, Defendant's counsel did not identify to Plaintiff's counsel the authorities on which they were relying. *See* Ex. 2. Then, on June 3, 2022 at 1:27 PM, approximately four hours before filing, Defendant's counsel emailed Plaintiff's counsel with the authorities relied on and stated they would be moving forward with filing the motion that same

---

[1] Although there are multiple Plaintiffs in the is matter, this motion refers to Plaintiff N.D.
[2] Defendant's notice of deposition indicates that it contemplates that the IME would last for approximately 30 minutes to one hour. *See* Mot., Ex. A.

day. *See* Ex. 3. Given that Plaintiff's counsel only had approximately four hours[3] before the filing of the motion to review the authorities on which Defendant's counsel relied during the parties' prior meet and confer communications, Defendant has not sufficiently met and conferred on this matter pursuant to Local Rule 7.1 and prematurely filed the Motion.

## II.     Legal Standard

The United States, Germany, and fifteen other nations have adopted the Hague Convention on the Taking of Evidence Abroad ("Hague Convention") which stipulates a way parties may collect evidence when there is a foreign party or nonparty involved in non-domestic civil matters. *See* Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, July 27, 1970, 23 U.S.T. 2555, T.I.A.S. No 7444. However, the Supreme Court has found that the Hague Convention need not be invoked when conducting U.S. discovery procedures abroad. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court*, 482 U.S. 522, 544 n.29 (1987) (stating that "[i]t is clear that American courts are not required to adhere blindly to the directives of [the Hague Convention]," and noting that application of such provisions are not mandatory, need not exclude application of the Federal Rules, and are not the option of first resort in obtaining evidence from individuals located abroad).

Generally, "a plaintiff who brings suit in a particular forum may not avoid appearing for the examination in that forum . . . ." *Dude v. Cong. Plaza, LLC*, 2018 U.S. Dist. LEXIS 31924, at *3 (S.D. Fla. Feb. 20, 2018). However, "[t]he general rule that a plaintiff must sit for deposition in the forum in which he filed suit 'gives way if the plaintiff can show undue burden or hardship'. . . ." *Id*. (citing M*arrero Enters. of Palm Beach, Inc. v. Estefan Enters.*, 2009 U.S. Dist. LEXIS 92349, at *7-8 (S.D. Fla. Sep. 18, 2009)). Additionally, "is well settled that the district court has great discretion in designating the location of taking a deposition" and may modify the location of the deposition. *Id.* at *3 (internal citations omitted)*.* Therefore, district courts, in exercising such discretion, can "modify the time, place, and manner of a deposition or medical examination 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Sarac v. Univ. of S. Fla. Bd. of Trustees,* 2020 U.S. Dist. LEXIS 2761, at *5 (M.D. Fla. Jan. 8, 2020) (citing Fed. R. Civ. P. 26(c)) (stating that modification of the

---

[3] As both Plaintiff N.S. and Chomchuen reside in Germany, which is six hours ahead of U.S. East Coast time, there was also insufficient time for Plaintiffs' counsel to consult with their client on the basis for Defendant's position such that Plaintiff's counsel could have responded before the filing of the motion since it was received in the middle of the night in Germany.

time, place, and manner of a deposition or IME for "good cause" involves a "balance[ing of] the competing interests of the parties").

### III. Argument

As an initial matter, Defendant incorrectly states that German law and procedures, "are automatically triggered if the examinations are to proceed in Germany," *see* Mot. at 3, but overlooks that the parties can engage in a voluntary, private, informal deposition in Germany, thereby avoiding the need to involve the German Central Authority.[4] *See* Ex. 4 at 1-2. Although depositions conducted in the United States require witnesses to testify under oath, in Germany, the parties can either (1) stipulate that the witness may testify without taking an oath; or (2) ask an authorized German official to administer the oath.[5] *See id*. The same reasoning applies to IME's, as there is no conflict between the German laws with respect to any voluntary procedures and the examiner would be Defendant's, who would be available for trial. *See id*. Therefore, Defendant's concerns regarding the process taking months and uncertainty that the German authorities will grant Defendant's requests are undermined by the availability of an alternate procedure for voluntary submission to questioning in Germany.[6]

Additionally, N.D. and his mother have both shown good cause for allowing them to participate in their IME and deposition in Germany, respectively, because compelling them to come to the United States on June 20, 2022 for such examinations would constitute an undue burden or expense. Chomchuen has stated that she recently began a new job on May 1, 2022 and will still be in her probationary period on June 20, 2022, the date of the scheduled deposition, and that she currently has no leave accrued that she can take in order to travel to the United States. *See* Ex. 5 (Chomchuen Aff.) ¶ 4, Ex. 6 (pay stub reflecting leave balance of 0[7]), Ex. 10

---

[4] While "the issue of whether privately conducted "informal" depositions in Germany are legal – or, . . . amount to as much as a criminal offense – is not settled [from the German perspective,]. . . [e]ven if a private, informal deposition in Germany for a U.S. proceeding were to violate German sovereignty, there are no immediate consequences attached to such a violation . . . [and] the overwhelming view is that mere questioning of a witness on a voluntary basis in a private setting . . . does not violate any criminal statute." *See* Ex. 4 at 1-2.
[5] *See* Ex . 4 at 3.
[6] There is no dispute that Ms. Chomchuen has voluntarily agreed to sit for a deposition and agreed to have N.D. submit to an IME.) *See* Ex. 5, ¶ 9.
[7] "Urlaubskonto," which is highlighted on Chomchuen's paystub is German for "Leave Account" and the balance reflects 0. "Aktuelles Jahr" is German for "current year" and "Rest insgesmat" is German for "Rest Total." Given the expedited briefing schedule, Plaintiff's counsel was not able to obtain fully translated versions of the supporting documents by the filing deadline, but if given additional time to engage a translator, should the Court deem that useful and upon the Court's request, Plaintiff's counsel is happy to provide translated versions of all German documents submitted with this motion.

(work contract reflecting probationary period[8]). Additionally, she has indicated that she is fearful that if she takes time off to attend her deposition and N.D.'s IME while she is on probation, that she would be terminated from her new employment or not renewed at the expiration of her probationary period, which ends in early August 2022. *Id*. ¶ 5. Courts have held that witnesses who are in probationary periods for their jobs have shown good cause sufficient to allow her to appear for a deposition (and for N.D. to appear for his IME) after the expiration of her probationary period or remotely in Germany. *See Sarac*, 2020 U.S. Dist. LEXIS 2761, at *4-6 (finding that plaintiff had demonstrated good cause warranting modification of the deposition and IME schedule, and ordering that that deposition take place after plaintiff's probationary period, in the requested forum).

In addition to the burden of timing, Chomchuen has demonstrated that the cost of her and N.D.'s attending a deposition in Florida on June 20, 2022 would place an undue burden on her finances. *See* Ex. 5, ¶ 7 (stating that she has about 200 Euros[9] in her account as of June 10, 2022); Ex. 7 at 7 (bank statement dated 5/31/2022 reflecting balance of €5,43). Recent searches for flights for the noticed date reveal that the cost per person for flights alone would be approximately $1200-$1700 dollars, far in excess of Chomchuen's means. *See* Ex. 8. Further, Chomchuen has indicated that N.D. (who is seven) is currently enrolled in school, and that he will not have a school break until July 22, 2022, and pulling him out of school for several days right before the end of term would be disruptive to his schooling. *See* Ex. 5 ¶ 3.

Defendant incorrectly relies on *Dude* when arguing that N.D. has not shown good cause, a case where the deponent plaintiff picked the venue, conducted work within the district, attempted to foreclose on several parcels of land located in the district, and sought two million dollars in damages. *Dude*, 2018 U.S. Dist. LEXIS 31924, at *5; *see* Mot. at 5. However, *Dude* is distinguishable from the instant matter as N.D. is a seven-year-old minor who has no job, no income, and no business dealings in the district. S*ee* ECF No. 1 (Compl) ¶ 4. Likewise, in *Rowland v. Bozarth*, 2022 U.S. Dist. LEXIS 32235, at *7 (N.D. Fla. Jan. 26, 2022), cited by Defendant, that case involved travel between two locations in Florida, located approximately 1-2 hours apart via car. Unlike *Rowland*, although N.D. filed his claim in Florida where his claim

---

[8] The highlighted words in Section 1 "Anstellung und Probezeit" are German for "Employment and Probationary Period" and Chomchuen's term of probationary period is reflected below, from May 1, 2022 to July 31, 2022.
[9] €200 Euros at the exchange rate on June 10, 2022 (1 Euro to 1.05 USD) is equal to $210.47 USD.

4

arose, he does not have control over his mother's finances or residence, and she has documented the very real hardship, not only financial, but also risk to her employment and disruption of N.D.'s schooling, that she and N.D. would face if forced to bear the cost of traveling to Florida from Germany at the time and date currently noticed. *See* Ex. 5 ¶¶ 3-8. Further, *Rowland* notes that although plaintiff should bear a burden or inconvenience presented by a civil action, such burden or inconvenience to be borne should be "reasonable." *Rowland*, 2022 U.S. Dist. LEXIS 32235, at *7-8.  Given the circumstances of N.D. and his mother, asking them to risk her employment and pay with funds she does not have is not a reasonable burden.

This Court can consider economic means of each party when assessing what would be more economically feasible when requiring one party to travel for depositions or IME. *See e.g. Levick v. Steiner Transocean Ltd*, 228 F.R.D. 671, 672 (S.D. Fla Apr. 29, 2005) (considering generalized economic claims in assessing whether good cause standard was met). Chomchuen and N.D. have very limited economic means, which is confirmed by supporting documentation, and flying to the United States would be extremely costly to them. *See* Ex. 5 ¶¶ 6-7; Ex. 7. Unlike the plaintiff in *Levick*, N.D. has provided documentation to substantiate his and his mother's claims of limited financial resources. *Id*.

To be clear, neither N.D. nor Chomchuen are objecting to participating in their IME and deposition, respectively; they object only to the timing and location of the deposition to be conducted, and have suggested two alternatives: (1) that the examinations be noticed for a date after Chomchuen's probationary period ends on about July 31, 2022 (and after N.D.'s school term is finished on July 22, 2022) and that Defendants bear the cost of Chomchuen's and N.D.'s appearance in Florida or (2) that both examinations be conducted remotely in Germany as voluntary examinations, with all parties stipulating to 18 U.S.C. § 1001, such that no oath needs to be administered.

## IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion.

DATED: June 10, 2022

By: */s/ Gary M. Gilbert*
    Gary M. Gilbert
    FL Bar No. 472026
    Gilbert Employment Law, PC.
    1100 Wayne Avenue, Suite 900
    Silver Spring, MD 20910
    301-608-0880 Telephone
    301-608-0881 Facsimile
    Gary-efile@gelawyer.com
    *Attorney for Plaintiffs*

By: */s/ Kevin L. Owen*
    Kevin L. Owen
    MD Bar No. 0512150020
    Gilbert Employment Law, PC.
    1100 Wayne Avenue, Suite 900
    Silver Spring, MD 20910
    301-608-0880 Telephone
    301-608-0881 Facsimile
    kowen-efile@gelawyer.com
    **Pro Hac Vice**
    *Attorney for Plaintiffs*

By: /s/
    Peter G. Bertling
    CA Bar No. 131602
    Bertling Law Group
    21 East Canon Perdido Street, Suite 204B
    Santa Barbara, CA 93101
    (805) 879-7558 Telephone
    (805) 869-1597 Facsimile
    peter@bertlinglawgroup.com
    **Pro Hac Vice**
    *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing *Plaintiff's Opposition to Defendant's Motion to Compel* was served via the Court's CM/ECF system, unless otherwise stated, this 10th day of June, 2022, addressed to the following:

**Defendant's Counsel**
Frank A. DeLuccia
*Assistant United States Attorney*
United States Attorney's Office
Southern District of Florida
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, FL 33394
Office: (954) 660-5672
Email: Frank.DeLuccia@usdoj.gov

Latoya C. Brown
*Assistant United States Attorney*
United States Attorney's Office
Southern District of Florida
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, FL 33394
Telephone: (594) 660-5957
Email: Latoya.Brown2@usdoj.gov

      /s_____
      Gary M. Gilbert
      Gilbert Employment Law, PC.
      1100 Wayne Avenue, Suite 900
      Silver Spring, MD 20910
      301-608-0880 Telephone
      301-608-0881 Facsimile
      Gary-efile@gelawyer.com
      *Attorney for Plaintiffs*