UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80015-CIV-MIDDLEBROOKS/MATTHEWMAN

ESTATE OF BRIEUX DASH, by and through
Emma Dash, EMMA DASH, JADA S. DASH,
B.D., J.R., by and through his Natural Guardian,
and N.D., by and through his Natural Guardian,
WARAPORN CHOMCHUEN,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/



## ORDER DENYING DEFENDANT'S MOTION TO COMPEL APPEARANCE FOR DEPOSITION AND INDEPENDENT MEDICAL EXAMINATION IN WEST PALM BEACH, FLORIDA [DE 37]

**THIS CAUSE** is before the Court upon the following: (1) Defendant's Motion to Compel Appearance for Deposition and Independent Medical Examination in West Palm Beach, Florida ("Motion") [DE 37]; (2) Plaintiff N.D.'s Opposition to Defendant's Motion to Compel ("Response") [DE 42]; (3) Defendant's Reply [DE 45]; and (4) Plaintiffs' and Defendant's Joint Status Report [DE 44].[1] The Court held a hearing on the Motion via Zoom video teleconference (VTC), on June 16, 2022.

---

[1] In the Court's June 2, 2022 Paperless Order [DE 34], the Court required Plaintiffs and Defendant to file a Joint Notice concerning Plaintiffs' Motion to Compel Defendant's Production of Documents [DE 27]. However, the Court did not require a Joint Notice with respect to the instant Motion. Nonetheless, Plaintiffs and Defendant addressed the Motion within their Joint Notice [DE 44], before Plaintiff N.D. had filed his Reply [DE 45].

1

## I.      BACKGROUND

On January 5, 2022, Plaintiffs—including Plaintiff N.D., by and through his natural guardian, Waraporn Chomchuen—filed a one-count Complaint for "Negligence (Wrongful Death)" against Defendant, stemming from the tragic suicide of Brieux Dash while he was admitted to the West Palm Beach VA Medical Center. [DE 1]. Within the Complaint, Plaintiffs allege that Plaintiff N.D. is a United States citizen. [DE 1 at 2]. However, Plaintiffs do not state where Plaintiff N.D. resides. *See* DE 1. In fact, Defendant maintains that it was *three months* after the filing of the Complaint that Plaintiffs first disclosed Plaintiff N.D.'s status as a German resident. [DE 37 at 2].

Consequently, in connection with the purportedly delayed disclosure of Plaintiff N.D.'s German residency, Plaintiff N.D. and Defendant ("the parties") are in dispute—or at least were in dispute, prior to the June 16, 2022 Zoom VTC hearing[2]—concerning the proper location to conduct Plaintiff N.D.'s deposition and independent medical examination. Given the approaching August 25, 2022 discovery deadline, this dispute resulted in the filing of the instant Motion [DE 37], the Response and Reply [DEs 42 and 45], and the Joint Status Report [DE 44] that are currently before the Court.

## II.     MOTION, RESPONSE, REPLY, AND HEARING

A. <u>Defendant's Motion [DE 37]</u>

Defendant seeks to compel both a deposition and independent medical examination in West Palm Beach, Florida. Specifically, as to the former, Defendant requests that the Court enter an

---

[2] As detailed further below, the parties now agree to conduct the deposition and independent medical examination in the United States.

2

order compelling Plaintiff N.D.'s mother—who brings this action on Plaintiff N.D.'s behalf as his natural guardian—to sit for a deposition in West Palm Beach, Florida,[3] on June 20, 2022. [DE 37 at 1]. With respect to the latter, Defendant requests that the Court enter an order compelling Plaintiff N.D. to appear for an independent medical examination in West Palm Beach, Florida on that same date. *Id.*

In support of these requests, Defendant invokes the general rule that "a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Id.* at 2 (quoting *Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 1009263, at *1 (S.D. Fla. Feb. 20, 2018)). Utilizing this general rule, Defendant argues that Plaintiff N.D.'s stated reasons for refusing to travel to the United States and appear in the forum in which he filed suit "are insufficient to overcome Defendant's general right to conduct the examinations in the forum." *Id.* at 4. Defendant therefore argues that "deference should be given to [its] decision to set the examinations in the forum—that is, [in] West Palm Beach." *Id.* at 5.

In further support, Defendant discusses the inherent difficulties in conducting the deposition and independent medical examination in Germany. To conduct both, Defendant argues that it must "obtain permission from German authorities," which "could take months . . . [and is] not feasible, given the fast-tracked deadlines in the Court's Scheduling Order [DE 18], including the October 2022 trial date." [DE 37 at 1]. Indeed, Defendant states that the voluntary deposition of Ms. Chomchuen "cannot proceed without prior approval from the German Ministry of Justice." *Id.* at 3. Moreover, relying upon the Declaration of Dr. Oliver Moufang [DE 37-2]—an attorney

---

[3] Defendant is deposing Ms. Chomchuen in lieu of Plaintiff N.D., based upon agreement by the parties.

admitted to practice law in Germany—Defendant argues that "it is doubtful the German Central Authority will [even] allow Plaintiff's IME to proceed in Germany" in the first instance. [DE 37 at 3].

B. <u>Plaintiff N.D.'s Response [DE 42]</u>

Plaintiff N.D. responds that compelling the aforementioned deposition and independent medical examination in the United States "would constitute an undue and unreasonable burden and expense." [DE 42 at 2]. According to Plaintiff N.D., there is "good cause for allowing [him and his mother] to participate in their [independent medical examination] and deposition in Germany, respectively . . . ." *Id.* at 3. This is because: (1) Ms. Chomchuen "recently began a new job on May 1, 2022 and will still be in her probationary period" on the date of the scheduled deposition; (2) Ms. Chomchuen "has demonstrated that the cost of her and [Plaintiff] N.D.'s attending a deposition [and independent medical examination] in Florida . . . would place an undue burden on her finances"; and (3) "pulling [Plaintiff N.D.] out of school for several days right before the end of [his] term would be disruptive to his schooling." *Id.* at 3–4.

Plaintiff N.D. additionally responds that Defendant "mischaracterizes the applicability of German law when taking depositions or conducting independent medical examinations." *Id.* at 1. Plaintiff N.D. argues that, while Germany has "adopted the Hague Convention on the Taking of Evidence Abroad[,] . . . the Supreme Court has found that the Hague Convention need not be invoked when conducting U.S. discovery procedures abroad." *Id.* at 2. Plaintiff N.D. thus argues the parties "can engage in a voluntary, private, informal deposition in Germany, thereby avoiding the need to involve the German Central Authority." *Id.* at 3. Plaintiff N.D. asserts this "same reasoning applies [to the independent medical examination] . . . as there is no conflict between the

4

German laws with respect to any voluntary procedures and the examiner would be Defendant's, who would be available for trial." *Id.* at 3.

   C. Defendant's Reply [DE 45]

In Defendant's Reply, Defendant argues that Plaintiff N.D.'s stated reasons against traveling to the United States for the requisite deposition and independent medical examination are "not compelling reasons to avoid appearing in the forum, particularly where Defendant has scheduled the examinations so [that] Plaintiff [N.D.] and [Ms.] Chomchuen need only be in the U.S. for a day." [DE 45 at 2]. In this regard, Defendant notes that it has been accommodating and is "open to considering other mutually available dates [for the deposition and independent medical examination], including weekends, that may be more convenient to Plaintiff [N.D.] and [Ms.] Chomchuen, [so long as the examinations take place] any time before July 15, 2022." *Id.* at 5. Moreover, Defendant cites *Triple7vaping.com, LLC v. Shipping & Transit LLC*, No. 16-CV-80855, 2017 WL 1395509, at *1 (S.D. Fla. Apr. 6, 2017), for the proposition that "the burden of travel on plaintiff's limited finances and childcare responsibilities do not constitute good cause to deviate from the general rule that a plaintiff must appear for deposition in the forum he selected." [DE 45 at 2].

Finally, as to Plaintiff's recitation of German law, Defendant argues that Plaintiff N.D is incorrect and that "diplomatic agreements between the U.S. and Germany specify that voluntary depositions may only be taken at the U.S. Consulate in Frankfurt, and with the express permission of the German Ministry of Justice." *Id.* at 2. Defendant also notes that Plaintiff "has presented no evidence to rebut Dr. Oliver Moufang's Declaration . . . submitted in support of the Motion

5

showing the significant challenges and uncertainties involved with conducting the [independent medical examination] in Germany." *Id.* at 3.

Simply stated, Defendant argues that Plaintiff N.D. "has not overcome the presumption that the examinations are to be conducted in the forum[,]" arguing that Plaintiff N.D. has "failed to present a viable alternative." *Id.* Defendant thus argues the Motion should be granted. *Id.* at 2.

    D. <u>The June 16, 2022 Zoom VTC Hearing</u>

Following Plaintiffs' and Defendant's cursory Joint Status Report [DE 44]—in which the collective Plaintiffs and Defendant restated their positions and maintained that they were continuing to meet and confer—the Court held a June 16, 2022 Zoom VTC hearing on Defendant's Motion.[4] During the hearing, Plaintiff N.D. and Defendant informed the Court that the parties had reached an agreement concerning the deposition and independent medical examination.[5] Specifically, the parties agreed that, during a weekend in July, Plaintiff N.D. and his mother will travel to the United States and sit for the independent medical examination and deposition, respectively. While counsel for Plaintiff N.D. noted that Plaintiff N.D. still took issue with the costs necessary for such an endeavor, counsel stated they conferred with the Maryland and Florida State Bar ethics hotlines and obtained clearance to pay the travel costs for Plaintiff N.D. and his mother.

---

[4] The June 16, 2022 Zoom VTC hearing was also set to address Plaintiffs' Motion to Compel Defendant's Production of Documents [DE 27].

[5] The Court is somewhat frustrated that, after having overlooked the Court's June 2, 2022 Order directing the parties to file a Joint Notice on or before June 13, 2022, the parties have once more failed to fully comply with the Court's June 2, 2022 Order. Specifically, that Order stated: "If the parties resolve the disputes raised in whole or in part prior to the hearing, the Court *shall be promptly notified*." [DE 34] (emphasis added). Despite this language, the parties waited until the June 16, 2022 Zoom VTC hearing to inform the Court that an agreement had been reached.

### III.  ANALYSIS

"The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 1009263, at *1 (S.D. Fla. Feb. 20, 2018); *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005). In accordance with this general rule, "a plaintiff must make herself available for deposition in the judicial district in which she filed suit." *Sarac v. Univ. of S. Fla. Bd. of Trs.*, No. 18-cv-02485-T30-SPF, 2020 WL 97782, at *2 (M.D. Fla. Jan. 8, 2020). Likewise, a plaintiff must be available for a medical, physical, or mental examination in the district where the action is pending. *See Levick*, 228 F.R.D. at 672 (referencing medical and physical examinations); *Sarac*, 2020 WL 97782, at *2 (referencing mental examinations). This helps "ensure[] that the examining doctor is available as a witness at trial." *Levick*, 228 F.R.D. at 672

However, "[i]t is well settled that the district court has great discretion in designating the location of taking a deposition [or examination]." *Partecipazioni Bulgari, S.p.A. v. Meige*, No. 86-2516-CIV-RYSKAMP, 1988 WL 113346, at *1 (S.D. Fla. May 23, 1988). "Rule 26 authorizes the Court to order that a plaintiff's deposition [or examination] be taken in a different location, or by alternative means, if he demonstrates the requisite good cause." *Larry E. Hogue v. John H. McHugh, Sec'y, Dep't of the Army*, No. 11-22405-CIV, 2012 WL 13064092, at *2 (S.D. Fla. Dec. 3, 2012) (citing Fed. R. Civ. P. 26(c)(1)). In other words, "[i]f a plaintiff demonstrates 'hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition [or examination] in the forum may yield to the exigencies of the particular case.'" *Dude*, 2018 WL 1009263, at *1 (quoting *Trims v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008)).

7

As to what constitutes good cause sufficient for the general rule to "yield to the exigencies of the particular case," the Court may consider the amount of a plaintiff's requested damages, the cost of traveling to the location of the deposition or examination relative to the size of the plaintiff's claim, and the risk of a plaintiff losing his or her job in order to appear for any deposition or examination, among other relevant inquiries. *See Dude*, 2018 WL 1009263, at *2; *Sarac*, 2020 WL 97782, at *3 ("Plaintiff's risk of losing her job provides good cause to protect her from attending her deposition and psychological examination before the end of her three-month probation period . . . ."). However, the burden of childcare responsibilities and limited finances on a plaintiff, standing alone, "are not good cause to deviate from the general rule . . . ." *See Triple7vaping.com, LLC v. Shipping & Transit LLC*, No. 16-cv-80855, 2017 WL 1395509, at *1 (S.D. Fla. Apr. 6, 2017); *but see Levick*, 228 F.R.D. at 672 (plaintiff's *unsupported* averment of limited financial means and obligation to take care of her gravely ill daughter rendered it "impossible" for the Court to conclude there would be an undue burden on the plaintiff traveling to Miami, necessarily insinuating that financial means and childcare responsibilities may establish good cause).

In the instant case, the parties have ultimately agreed that Plaintiff N.D. and his mother are to attend their independent medical examination and deposition, respectively, in the United States, during an undetermined weekend in July, with Plaintiff N.D.'s counsel bearing the travel costs. Accordingly, the matter is no longer at issue, and Defendant's Motion is due to be denied as moot.

However, during the June 16, 2022 Zoom VTC hearing, Defendant requested to reserve the right to raise this issue again in a future motion should the need arise. Therefore, in the interests of judicial economy, after carefully considering the relevant law, Defendant's Motion, Plaintiff

N.D.'s Response, Defendant's Reply, the attachments thereto, argument of counsel at the June 16, 2022 Zoom VTC hearing, and the Joint Notice, as well the entire docket in this case, the Court does find that, had the parties failed to reach an agreement, Plaintiff N.D.'s alleged hardship or burden (based on her new job, costs, and Plaintiff N.D.'s schooling) does not outweigh the prejudice that would befall Defendant if Defendant is unable to take the deposition or conduct the independent medical examination in West Palm Beach, Florida.

In making this finding, the Court stresses the well-settled general rule that a plaintiff filing suit in a specific judicial district may not avoid appearing for examination in that district. *See Dude*, 2018 WL 1009263, at *1. Further, the Court notes that in *Triple7vaping.com, LLC*, the Court specifically found that limited finances and childcare responsibilities "are not good cause to deviate from the general rule . . . ." *Triple7vaping.com, LLC*, 2017 WL 1395509, at *1. While there is certainly some contrary authority providing that good cause may be shown through limited financial means, *see Levick*, 228 F.R.D. at 672, and while a plaintiff's risk of losing their new job may also demonstrate good cause, *see Sarac*, 2020 WL 97782, at *3, the Court notes that Plaintiffs estimate the value of their case at over $43 million, with approximately $9.5 million thereof attributable to Plaintiff N.D. [DE 19 at 1]. The Court simply finds it unfairly prejudicial to Defendant for Plaintiff N.D. to seek over $9.5 million and to then make himself—and by extension, his mother—unavailable for examination in this forum, forcing Defendant to bear the costs of examination. *See Dude*, 2018 WL 1009263, at *2. With this determination, the Court need not address the intricacies of German law.

9

## IV. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion [DE 37] is **DENIED AS MOOT**, pursuant to agreement by the parties.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 21st day of June, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge