**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-80015-CIV- MIDDLEBROOKS/MATTHEWMAN**

ESTATE OF BRIEUX DASH, *et al.*,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**DEFENDANT UNITED STATES OF AMERICA'S OPPOSITION
TO PLAINTIFFS' MOTION *IN LIMINE***

    Defendant, United States of America, opposes Plaintiffs' "Motion in Limine No. 1" [D.E. 66], which seeks to preclude any employee from the Department of Veterans Affairs Office of Inspector General ("VA OIG") from testifying "regarding reasonabless [sic], standard of care, and causation during trial." Defendant respectfully requests that Plaintiffs' motion *in limine* be denied as premature at this pretrial stage.

**ARGUMENT**

    Plaintiffs' motion *in limine* seeks an order precluding any VA OIG employee who participated in the investigation of Brieux Dash's death by suicide at the West Palm Beach VA Medical Center ("WPB VAMC") on March 14, 2019, from testifying at trial regarding: (1) the "reasonableness" of the care Mr. Dash received; (2) standard of care issues; or (3) causation issues. *See* D.E. 66, Pls. Mot. at 1. As an attachment to Plaintiffs' motion *in limine*, Plaintiffs again file the VA OIG Report related to this incident. *See* D.E. 66-1. Plaintiffs have repeatedly filed, referred to, and relied upon this VA OIG Report throughout this matter, including in their SF-95 administrative claims, Complaint, and the reports of their proffered expert witness for the standard

1

of care, Steven Bruce, Ph.D. *See* D.E. 1, Compl., ¶¶ 22, 25; D.E. 67, Defs.' Mot. to Strike Pls.' Expert Witness, at p. 1-2, 8-9, 14-15; D.E. 71, Defs.' Mot. for Summ. J., at p. 4-5; D.E. 72, Defs.' Mot. to Dismiss, at p. 6.

Plaintiffs acknowledge that motions *in limine* are generally disfavored, as admissibility questions should be ruled upon as they arise at trial. *See* Pls.' Mot. at 1 (citing *Brown v. NCL (Bah.) Ltd.*, 2016 WL 8730145 (S.D. Fla. Oct. 13, 2016)); *see also Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013) (finding same). "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (Middlebrooks, J.) (citation omitted). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* Indeed, "courts are advised to deny motions *in limine* in non-jury cases." *Singh v. Caribbean Airlines Ltd.*, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014) (citation omitted).

The VA OIG Report was created following an investigation and healthcare inspection of the WPB VAMC following Mr. Dash's death by suicide. *See* D.E. 66-1. The VA OIG Report states, "The purpose of the inspection was to evaluate whether deficient conditions existed in select clinical, environmental, and administrative areas, and if so, whether those conditions impacted the patient's hospital course and outcome." *Id.* at 9. To be sure, the VA OIG Report does not include any determination that any applicable standard of care was either violated or satisfied as it relates to Mr. Dash's death by suicide. Similarly, nowhere in the VA OIG Report does the report identify any causal link between any noted deficiency and Mr. Dash's death by suicide.

The crux of Plaintiffs' arguments flow from VA OIG's use of the term "reasonable" in limited instances in the VA OIG Report. Plaintiffs' motion *in limine* seeks to preclude Defendant from calling any witness from VA OIG to explain the use of the word "reasonable" and its inclusion in the VA OIG Report after VA OIG conducted its inspection in this case. Plaintiffs also seek to preclude any VA OIG employee from testifying about "reasonableness" in any context, which, in effect, could be interpreted as a request to preclude any VA OIG witness from uttering the word "reasonable." Plaintiffs do not cite any Federal Rule of Evidence in support of their motion *in limine*. Based on Plaintiffs' argument, Defendant can only presume for purposes of this opposition that Plaintiffs intend to rely upon Rule 403 and its balancing test for unfair prejudice.

Plaintiffs state that they "anticipate Defendant may attempt to introduce the testimony of OIG employees who participated in the investigation and concluded the care rendered to Mr. Dash was 'reasonable' and/or complied with the standard of care." D.E. 66, Pls.' Mot., at 2. Inquiring at trial into the use of the word "reasonable" in the VA OIG Report is not "clearly inadmissible on all potential grounds." *See Gonzalez*, 718 F. Supp. 2d at 1345. This is true where the Section 766.102(1) of Florida Statutes states:

> The prevailing professional standard of care for a given health care provider shall be that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

§ 766.102(1), Fla. Stat. (2022). Without more at this pretrial stage, Plaintiffs' efforts to bar Defendant from calling VA OIG witness to explain the use of the word "reasonable" should be rejected. Further, it should be noted that such a discussion of "reasonable" in the context of the use of the term in the VA OIG Report does not necessarily correspond with a determination of any breach of the applicable standard of care under Section 766.102(1). Consequently, without more,

3

Plaintiffs' request to preclude testimony about the VA OIG's use of the word "reasonable" in the specific instances in which it was used, prior to any testimony at trial, is premature.

Plaintiffs further state in their motion that, "Plaintiffs further anticipate Defendants may attempt to introduce the testimony of OIG employees to opine it is speculative whether any of the deficient safety measures they identified during their investigation could have prevented Mr. Dash's death." D.E. 66, Pls.' Mot., at 2. To be clear, both Plaintiffs and Defendant listed several VA OIG employees in their trial witness lists exchanged between the parties on August 4, 2022, in accordance with the Court's scheduling orders. *See* D.E. 18; D.E. 23. Despite conferral between the parties on August 25, 2022, it is unclear to Defendant whether Plaintiffs intend to use the VA OIG Report in any way as part of their case-in-chief at trial, given their heavy reliance upon the report throughout this case. This includes relying upon any portion of the report, introducing any portion of the report as evidence for any purpose, etc.

Because of this uncertainty, Defendant is unable to determine whether the VA OIG Report will be introduced or admitted as evidence and whether any testimony will be elicited regarding the VA OIG Report, including whether any testimony to clarify the contents of the VA OIG Report may become necessary. Should Plaintiffs introduce or refer to the VA OIG Report at trial, Defendant is entitled to call witnesses from VA OIG to, among other things, explain the contents and findings of the report, including the reason for the use of the term "reasonable". This is especially true if Plaintiffs attempt to rely on any portion of the VA OIG Report that may implicate expert-related evidence. Plus, because Defendant timely listed VA OIG employees on its trial witness list, Defendant is also entitled to call these witnesses even absent an attempt by Plaintiffs to introduce or rely upon the VA OIG Report.

Finally, to support their motion *in limine*, Plaintiffs point to Federal Rule of Civil Procedure 26 to argue that no VA OIG witness can testify in an expert capacity in this matter. *See* D.E. 66, Pls.' Mot., at 2-3. To begin, Plaintiffs' argument regarding the lack of depositions of VA OIG witnesses and any alleged *potential* lack of qualifications, without more, are not grounds to preclude testimony prior to trial, whether in a fact or expert witness capacity. Plaintiffs did not provide any support for this position, and it is axiomatic that witnesses are permitted to testify at trial despite not being deposed during discovery. More importantly, the question of whether any factual testimony about the VA OIG Report, its findings, the investigation undertaken to support the conclusions, and so on, may be deemed as expert testimony is an evidentiary matter for the Court to determine when the evidence and testimony is introduced and offered at trial. *See Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021) (declining to "exclude any allegedly improper evidence before such evidence is discovered and presented for review.") (citation omitted). To preclude Defendant from calling such witnesses at this juncture or allowing any such witnesses to testify about the contents of the VA OIG Report, before Plaintiffs offer any evidence or elicit any testimony, including any testimony from their own proffered expert witness for the standard of care,[1] is premature.  Hence, Plaintiffs' motion *in limine* should be denied.

## **CONCLUSION**

For the reasons discussed above, Plaintiffs' motion *in limine* should be denied.

---

[1] Defendant's motion to strike the opinions and testimony of Plaintiffs' expert witness, Steven Bruce, Ph.D., pursuant to a *Daubert* standard, remains pending.

Dated: September 8, 2022          Respectfully submitted,

**JUAN ANTONIO GONZALEZ**
**UNITED STATES ATTORNEY**

By:    *Frank A. DeLuccia /s/*
       **Frank A. DeLuccia**
       Assistant United States Attorney
       Federal Bar No. A5502695
       **Latoya C. Brown**
       Assistant United States Attorney
       Florida Bar No. 105768
       **Monica L. Haddad**
       Assistant United States Attorney
       Florida Bar No. 99426
       United States Attorney's Office
       500 E. Broward Blvd., Suite 700
       Ft. Lauderdale, FL 33394
       Tel: (954) 660-5672
       Email: Frank.DeLuccia@usdoj.gov
       Email: Latoya.Brown2@usdoj.gov
       Email: Monica. Haddad@usdoj.gov

       *Counsel for Defendant*,
       *United States of America*